On the Merits.
Plaintiff alleges that he and the defendant bank entered into an agreement in pursuance of which he placed in the hands of the bank a certain mortgage note, and the bank agreed to honor his checks up to the full amount of said note; and that a judgment having been obtained in another parish against him, and garnishment process having issued upon this judgment and been served upon the bank, the latter, by reason thereof, refused to honor his checks — to his 'damage, etc., for which he prays judgment
An exception of no cause of action was sustained, on the ground that, in view of the said garnishment, the bank was no longer bound to honor the checks.
Against that position the plaintiff contends that garnishment cannot issue from one parish to another upon a judgment; and that therefore the said garnishment was null, and could be, and should have been, disregarded by the bank.
[4] Whatever merit there may be in the *149 contention that the garnishment proceeding was null, we are of opinion that, such as the garnishment was, it had the effect of bringing a change in the situation such as justified the bank in no longer honoring the checks. When the agreement was entered into, this note was perfectly good, and plaintiff’s title to it was unclouded. The defendant bank would not have accepted it, would not have made the agreement, if the situation had been otherwise; if, for instance, garnishment process had already been levied upon the note. It would have made no difference that counsel learned in the law might have advised that the garnishment proceeding was null, and that the courts would so hold; the bank would have required the note to be first cleared of .the garnishment seizure before it would accept it as the equivalent of a cash deposit, and pay out its money on that hypothesis. Plaintiff’s part of the agreement was therefore to furnish this note in this untrammeled and unclouded condition. The effect of the garnishment was practically to cause plaintiff to fail to carry out that part of the agreement; and the failure of plaintiff to carry out his part of the agreement was good reason for the bank’s refusal to carry out its part.
[5] The note was for $2,500, and the garnishment called for only $500. The checks were for less than $2,000. Plaintiff contends that, at any rate, the garnishment was no excuse for not carrying out the agreement up to the amount of this margin of $2,000.
The answer is threefold: (1) That the note would have had to be sold to satisfy this $500; (2) the bank was not bound to accept a joint tenure when it had bargained for a sole tenure; (3) it was not bound to bother itself with a litigation when nothing of that kind had entered into its bargain.
Judgment affirmed.
SOMMERVILLE, J., concurs.